CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 17 2006
JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WAYNE R. MYERS, ) | |
| Plaintiff, ) | Civil Action No. 7:06-cv-00660 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MIDDLE RIVER REGIONAL ) | |
| JAIL, et al., ) | By: Hon. Jackson L. Kiser |
| Defendant(s) ) | Senior United States District Judge |

Plaintiff Wayne R. Myers, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Myers alleges that the Middle River Regional Jail improperly denied him a free pair of shoes. The jail denied the free shoes on the grounds that he had sufficient funds to pay for the shoes. Myers does not argue that the jail was incorrect in finding that he had sufficient funds in his inmate account to pay for a pair of shoes. Rather, plaintiff states that "in a seperate [sic] complaint . . . another inmate . . . was told that they have ordered him a pair of shoes and he would get them when they came in." However, plaintiff does not allege that the other inmate received free shoes while having adequate funds in his inmate account to pay for the shoes. Plaintiff seeks $110,000 in relief.

I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed

by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).*

Myers's claims concerning the denial of free shoes must be dismissed as frivolous. The jail has a reasonable interest in defraying the costs of incarceration, which may include charging inmates for personal hygiene items and other expenses incurred by the jail in housing inmates. Therefore, such allegations fail to raise a claim of constitutional magnitude. See Slade v. Hampton Road Regional Jail, 407 F.3d 243, 251-53 (4th Cir. 2005) (holding that the imposition of an $1.00 per day room and board charge does not amount to a "punishment or fine"; nor does the automatic deduction of this fee from an inmate's trust fund account constitute an unconstitutional interference with a property interest); Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3rd Cir. 2000) (finding that charging inmates for toiletries, stamps, and extra blankets does not raise an Eighth Amendment claim). Significantly, Myers does not argue that the jail was incorrect in finding that he had sufficient funds in his inmate account to pay for a pair of shoes; indeed, his affidavit in support of his request to proceed with this complaint in forma pauperis states that he has received into his inmate account at least $250 from his "common law wife." Moreover, Myers has not alleged that the Jail is seeking an excessive or unreasonable payment for a pair of shoes, nor has he alleged that the Jail refuses to provide shoes to those inmates who are unable to pay for them. Accordingly, I find that Myers has failed to state a claim upon which relief can be granted.

Inasmuch as plaintiff states that he has "been exposed to all matter [sic] of diseases that can be found in the showers[] and floors for a lack of a pair of shoes," he has failed to state a claim of

---

* As a threshold matter, plaintiff cannot maintain his action against the Middle River Regional Jail because that entity is not a "person" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Even if the court granted Myers an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

constitutional magnitude. To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Mere allegations of inadequate shoes, absent any suggestion of actual deleterious effects, fail to state a claim under the Eighth Amendment. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993); Ashann-Ra v. Commonwealth of Virginia, et al., 112 F.Supp. 2d 559, 563 (W.D.Va. Aug. 22, 2000) (holding that absent evidence of "serious physical injury" mere allegations that institutional employees failed to provide an inmate with properly fitting shoes failed to state a claim of constitutional magnitude). Myers does not allege that he has suffered any deleterious effects as a result of the Jail's denial of free shoes; thus, he has failed to present a claim of constitutional magnitude.

Based on the foregoing, I find that Myers has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 17th day of November, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

4